IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
3:16-CV-103-CRS

NDIEME SECK                                                                                                    PLAINTIFF
3914 Handley Ave.
Louisville, Kentucky 40218

v.

C&F FINANCE COMPANY                                                                                DEFENDANTS
1313 East Main St., Suite 400
Richmond, Virginia 23218

       SERVE:       CT Corporation System
                             306 West Main Street, Suite 512
                             Frankfort, Kentucky 40601

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:       CSC-Lawyers Incorporating Service Co.
                             421 W. Main St.
                             Frankfort, KY 40601
                             (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

       SERVE:       CT Corporation System
                             306 West Main Street, Suite 512
                             Frankfort, Kentucky 40601
                             (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 West Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corp. System
                      421 West Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Ndieme Seck, and for her Verified Complaint against the Defendants, C&F Finance Company ("C&F"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, LLC ("Experian"), and Trans Union, LLC ("Trans Union"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendant's failure to investigate Plaintiff's disputes regarding a paid judgment.

### II. PARTIES

2. Plaintiff, Ndieme Seck, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3914 Handley Avenue, Louisville, Kentucky 40218.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, C&F, is a Virginia corporation doing business in the Commonwealth of Kentucky with its principal place of business at 1313 East Main Street, Suite 400, Richmond, Virginia 23218.

5. C&F is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C.

§1681s-2(b).

6. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

13. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Trans Union is regularly engaged in the business of assembling, evaluating and

dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

16. In or around July 2008, Plaintiff obtained a credit account from Defendant, C&F for the purchase of an automobile.

17. In or around April 2012, C&F repossessed the automobile. At some point after repossession, C&F filed an action against Plaintiff in the Jefferson Circuit Court and obtained a judgment against Plaintiff in the approximate amount of $2,892.00

18. In or around 2014, Plaintiff contacted C&F and inquired about settling C&F's judgment against her. C&F advised Plaintiff that C&F had sold the debt to Imperial Credit Company and that Plaintiff should contact Imperial Credit Company to discuss payment.

19. Plaintiff immediately contacted Imperial Credit Company and paid the judgment by means of an agreed-upon settlement.

20. In December 2015, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax, Experian and Trans Union credit reports and discovered that Experian was reporting the judgment as past due in the amount of $5,138.00 and that Trans Union was reporting the judgment as past due in the amount of $5,157.00. Equifax was also reporting an alleged past due amount of $5,138.00 although Plaintiff's Equifax report showed the

judgment as "satisfied".

21. Immediately upon her discovery of the credit bureaus' reporting of the judgment, Plaintiff filed disputes with Equifax, Experian and Trans Union. Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified C&F of the dispute at or within five (5) days of their receiving notice of the disputes from Plaintiff.

22. In January 2016, C&F, Equifax, Experian, and Trans Union verified the alleged past due balance owed to C&F.

23. Despite Plaintiff's lawful request for amendment or removal of the disputed items pursuant to the FCRA, C&F, Equifax, Experian and Trans Union failed to remove or amend the disputed items from Plaintiff's credit reports.

24. Upon information and belief, C&F, Equifax, Experian and Trans Union failed to investigate Plaintiff's disputes, did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to amend or remove the disputed items within a reasonable time following C&F's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's dispute.

25. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject judgment.

## V. CLAIMS

### Negligence – C&F

26. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. C&F's false reporting to Equifax, Experian and Trans Union and its failure to investigate Plaintiff's disputes regarding the alleged past due account was negligent under applicable law. In falsely reporting the alleged past due account, C&F breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

28. C&F's false reporting to Equifax, Experian and Trans Union regarding the alleged past due account and its failure to investigate Plaintiff's disputes has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

29. C&F's false reporting to Equifax, Experian and Trans Union regarding the alleged collections account and its failure to investigate Plaintiff's dispute was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

30. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the judgment, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the judgment, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the judgment, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

32. Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the judgment and Equifax's consequent failure to delete or amend its reporting of the judgment

has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33. Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the judgment and its consequent failure to delete or amend its reporting of the judgment, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Experian's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the judgment, despite Plaintiff's lawful notice to Experian disputing Experian's reporting of the judgment, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the judgment, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

36. Experian's negligent failure to properly investigate Plaintiff's dispute of the reporting of the judgment and Experian's consequent failure to delete or amend its reporting of the judgment has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

37. Experian's failure to properly investigate Plaintiff's dispute of Experian's reporting of the judgment and its consequent failure to delete or amend its reporting of the judgment, despite

Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

38. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the judgment, despite Plaintiff's lawful notice to Trans Union disputing Trans Union's reporting of the judgment, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the judgment, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

40. Trans Union's negligent failure to properly investigate Plaintiff's dispute of the reporting of the judgment and Trans Union's consequent failure to delete or amend its reporting of the judgment has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

41. Trans Union's failure to properly investigate Plaintiff's dispute of Trans Union's reporting of the judgment and its consequent failure to delete or amend its reporting of the judgment, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – C&F

42. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. C&F, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian and Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Experian and Trans Union credit reports, that Plaintiff has a past due account with C&F..

44. C&F's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45. C&F's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Equifax, with knowledge of the falsity of its statements, has published and continues to publish false statements to individuals and/or entities who have accessed Plaintiff's Equifax credit report that the subject judgment is past due. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

48. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Experian, with knowledge of the falsity of its statements, has published and

9

continues to publish false statements to individuals and/or entities who have accessed Plaintiff's Experian credit report that the subject judgment is past due. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

51. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

52. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish false statements to individuals and/or entities who have accessed Plaintiff's Trans Union credit report that the subject judgment is past due. In publishing such statements, Trans Union acted with conscious disregard for the rights of the Plaintiff.

54. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – C&F

55. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. C&F's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged past due account are violations of C&F's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

57. C&F's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which C&F is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

58. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

61. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63. Experian's failure to properly investigate the disputed item and its consequent

failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

64. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66. Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – C&F

67. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68. C&F's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged past due C&F account,

despite C&F's knowledge of the falsity of its reporting, are willful violations of C&F's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

69. Given C&F's knowledge of the falsity of its reporting, C&F's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which C&F is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

70. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

72. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

73. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

74. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

76. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

77. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

78. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79. Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

80. Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

81. Trans Union's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Ndieme Seck, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

                                              Respectfully submitted,

                                              */David W. Hemminger*
                                              David W. Hemminger
                                              HEMMINGER LAW OFFICE, PSC
                                              616 South Fifth St.
                                              Louisville, KY 40202
                                              (502) 443-1060
                                              hemmingerlawoffice@gmail.com
                                              *Counsel for Plaintiff*

## **VERIFICATION**

I, Ndieme Seck, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Ndieme Seck

COMMONWEALTH OF KENTUCKY )
                                                       ) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Ndieme Seck this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____